UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Number:  19cr107(JBS) |
| ) | |
| Plaintiff, ) | AFFIDAVIT IN SUPPORT |
| v. ) | OF REQUEST |
| ) | FOR EXTRADITION |
| KANG JUNTAO, ) | |
| also known as Kan Jundao, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORIGINAL FILED**

**FEB 13 2019**

**WILLIAM T. WALSH, CLERK**

I, Ryan C. Connors, being duly sworn, depose and state:

1.      I am a citizen of the United States of America and a resident of the Commonwealth of Virginia.

2.      I graduated with a bachelor of arts from Dartmouth College in 2001 and with a juris doctorate from New York University School of Law in 2005. Since November 2014 to the present, I have been employed by the United States Department of Justice as a Trial Attorney for the Environment and Natural Resources Division, Environmental Crimes Section. My duties are to prosecute persons charged with criminal violations of the laws of the United States. During my practice as a Trial Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

3.      As a Trial Attorney, I am responsible for the preparation and prosecution of criminal cases. Based upon my training and experience, I am an expert in the criminal laws and procedures of the United States.

4.      In the course of my duties, I have become familiar with the charges and evidence in the case of United States v. Kang Juntao (also known as Kan Jundao), Case Number 19-107 (JBS) in the District of New Jersey. This prosecution arose from an investigation by the U.S. Fish and Wildlife Service, which revealed that from at least June 2017 to December 2018, Kang Juntao, a citizen of the People's Republic of China, was a leader of an international wildlife trafficking organization involved in the smuggling of protected animals from the United States.

## PROCEDURAL HISTORY OF THE CASE

5.     On February 13, 2019, a federal grand jury returned an indictment charging Kang Juntao with violating the criminal laws of the United States. On February 13, 2019, an arrest warrant was issued for the defendant to appear in court based upon the indictment. The warrant remains outstanding.

6.     Under the federal law of the United States, a criminal prosecution may commence when a grand jury files an indictment. Institutionally, a grand jury, though an arm of the court, is an independent body composed of private citizens -- not less than 16 and not more than 23 people -- whom the United States District Court selects at random from the residents of the judicial district in which the court resides. The purpose of the grand jury is to review the evidence of crimes presented to it by United States law enforcement authorities. After independently reviewing this evidence, each member of the grand jury must determine whether there is probable cause to believe that a crime has been committed and that a particular person committed that crime. If at least 12 jurors find that the evidence they have reviewed provides probable cause to believe that a particular person committed the crime, the grand jury may return an indictment. An indictment is a formal written accusation that charges the particular person, now a defendant, with a crime, identifies the specific laws that the defendant is accused of violating, and specifies the date and place where the charged crime occurred.

The grand jury initiates the criminal prosecution when it files the indictment with the United States District Court. Thereafter, the clerk of the court, at the direction of a United States District Judge or Magistrate Judge, normally issues a warrant for the defendant's arrest.

7.     On February 13, 2019, after completion of the investigation, a grand jury sitting in Camden, New Jersey, returned an indictment, Crim. No. 19-107 (JBS) charging Kang Juntao with criminal offenses against the laws of the United States and filed this indictment with the United States District Court for the District of New Jersey. It is the practice of the United States District Court to retain the original indictment, redact the foreperson's signature, and file it with the records of the court. Therefore, I have obtained a copy of the indictment from the clerk of the court and attached it to this statement as Exhibit 1.

8.     On February 13, 2019, based on the indictment filed by the grand jury, and with the approval of the United States District Court for the District of New Jersey, the deputy clerk of the court signed a warrant of arrest for Kang Juntao. Pursuant to Rule 9 of the Federal Rules of Criminal Procedure, the clerk of the court is the authority competent to sign arrest warrants and deliver them for execution to law enforcement authorities competent to make arrests. A copy of Rule 9 is attached to this statement as Exhibit 2. This function — to sign and deliver arrest warrants — also resides in, and is appropriately, customarily, and lawfully exercised by, deputy clerks of the court. In fact, in nearly every case in this district, a deputy clerk, and not the appointed clerk, signs and delivers arrest warrants. It is the practice of the United States District Court for the District of New Jersey to retain the original arrest warrant and file it with the records of the court. Therefore, I have obtained a copy of the arrest warrant, certified as true and accurate, from the clerk of the court and attached it to this statement as Exhibit 3.

## THE CHARGES AND PERTINENT UNITED STATES LAW

9. The indictment charges Kang Juntao with one count of Laundering of Monetary Instruments, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and aiding and abetting the Laundering of Monetary Instruments, in violation of Title 18, United States Code, Section 2.

The United States requests the extradition of Kang Juntao for all of these offenses charged in the indictment. The charged offense is punishable under a statute that (1) was the duly enacted law of the United States at the time the offense was committed, (2) was the duly enacted law of the United States at the time the indictment was filed, and (3) is currently in effect. Each offense is punishable under United States law by more than one year of imprisonment. Copies of the pertinent sections of these statutes are attached as exhibit 4.

10. Count One charges Kang Juntao with Laundering of Monetary Instruments, in violation of Title 18, United States Code, Section 1956(a)(2)(A). Laundering of Monetary Instruments is a statute for which the United States may extradite under its laws. The indictment charges Kang Juntao with directly violating the money laundering law and under a theory of aiding and abetting others to violate the law, under Title 18, United States Code, Section 2.

11. The charge of Laundering of Monetary Instruments alleges that Kang Juntao sent funds to the United States to promote a specified unlawful activity, which is Smuggling Goods from the United States. Smuggling Goods from the United States prohibits the knowing export of merchandise contrary to U.S. law or regulation. The indictment charges Kang Juntao with exporting five species of turtles contrary to the U.S. Endangered Species Act, which codifies the Convention on International Trade in Endangered Species of Wild Fauna and Flora (commonly referred to as "CITES"). Malaysia, the United States, the People's Republic of China, and approximately 181 other countries are signatories to the CITES treaty, which provides a mechanism for regulating international trade in species whose survival is threatened by trade.

The purpose of the CITES treaty is to monitor the trade of and to protect fauna and flora from commercial activities that might diminish the capability of any species to survive in the wild. CITES classifies wildlife and plants in a three appendices (Appendix I, II, and III), which give specific trade protection to fauna and flora. International trade in species listed in these Appendices is monitored and regulated by permits and quotas. The permit restrictions apply to live and dead specimens, as well as the skins, parts, and products made in whole or in part from a listed species. Wildlife and plant species listed in Appendix I of CITES are those currently threatened with extinction and that are or may be further threatened by trade. Under Appendix I of CITES, a species may be exported from a country only if, prior to exportation, the exporter applies for and obtains a valid foreign import permit issued by the country of import and a valid export permit issued by the country of origin. Wildlife and plant species listed in Appendix II of CITES includes species that are not presently threatened with extinction but may become so if their trade is not regulated. Under Appendix II of CITES, a species may be exported from a country only if, prior to exportation, the exporter applies for and obtains a valid CITES export permit issued by the country of origin. The five species of turtles included in the indictment that

Kang Juntao smuggled from the United States (Eastern box turtles, Florida box turtle, Gulf Coast box turtle, wood turtle, and spotted turtles) are protected by Appendix II of the CITES treaty.

The United States implements CITES through the Endangered Species Act, which makes it unlawful to knowingly trade in any specimen contrary to the provisions of CITES, or to possess any specimen traded contrary to the provisions of CITES. 16 United States Code, Sections 1538(c)(1) and 1540(b)(1). Trade includes the sale and export from the United States. The relevant portions of the Endangered Species Act are included in Exhibit 5.

12.    To satisfy its burden of proof and convict Kang Juntao on Count 1, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) that Kang Juntao transported, transmitted, transfers, or attempted to do the same, a monetary instrument; (2) that such activity took place to the United States or to a place in the United States from or through a place outside the United States; and (3) Kang Juntao had the intent to promote the carrying on of specified unlawful activity, that is Smuggling Goods from the United States. To satisfy its burden of proof that Kang Juntao promoted Smuggling Goods from the United States, the government must prove: (1) that Kang Juntao knowingly or fraudulently exported or sent merchandise, to wit turtles, as described in the indictment; (2) that Kang Juntao's exportation was contrary to the laws of the United States, to wit the Endangered Species Act and CITES; and (3) that Kang Juntao knew the exportation or sending of the merchandise was contrary to U.S. law or regulation.

The indictment also accuses Kang Juntao of aiding and abetting others to commit Laundering of Monetary Instruments. Under this theory, the government must establish at trial beyond a reasonable doubt the following essential elements: (1) that some person or persons committed Laundering of Monetary Instruments; (2) that Kang Juntao associated with the criminal venture; (3) that Kang Juntao purposefully participated in the criminal venture; and (4) that Kang Juntao sought by action to make that venture successful.

There is extraterritorial jurisdiction over the Laundering of Monetary Instruments charge by a non-United States citizen if the government proves that the conduct occurs in part in the United States and the series of transactions exceeds $10,000 USD.

The maximum penalty for this offense is 20 years of imprisonment.

13.    The United States, at trial, will establish these elements beyond a reasonable doubt primarily through: (1) the testimony of law enforcement agents that the defendant illegally purchased threatened turtles, recruited individuals to ship them from the United States in a clandestine manner to avoid detection, and intentionally did not obtain the necessary permits to ship wildlife as required by the CITES treaty and U.S. law; (2) the defendant's recorded and written statements negotiating the price of the turtles and manner how they will be inhumanely shipped from the United States; (3) financial records showing monetary transfers and payments from China to the United States for the unlawful purchase and export of turtles; (4) shipping records that corroborate the testimony of the witnesses; and (5) admissions made by the defendant.

14. The statute of limitations allows prosecution to commence within five years after the offense is committed for each count in the indictment. A copy of the relevant statute, 18 U.S.C. § 3282, is attached as Exhibit 6. The indictment charges Kang Juntao with committing the offenses from June 2017 to December 2018. As the indictment was returned on February 13, 2019, the charges were filed within the prescribed time period.

## SUMMARY OF FACTS

15. Set forth in the following paragraphs is a brief summary of the facts and circumstances pertinent to the extradition request, which led to the charges against Kang Juntao in the District of New Jersey, United States of America:

a. From June 2017 to December 2018, Kang Juntao purchased protected turtles from suppliers in the United States.

b. Kang Juntao arranged to ship the turtles to other contacts, including one in New Jersey. Kang Juntao instructed this person how to repackage the turtles to avoid detection by customs authorities in international shipments. Kang Juntao informed the contact that the turtles were received by his associates in Hong Kong on his behalf.

c. Kang Juntao paid this contact approximately $78,362 over a series of 40 payments for the unlawful purchase and shipping of the turtles out of the United States. Thirty-eight of the payments correspond to an address in China and were received by the contact in New Jersey.

d. Neither Kang Juntao nor his associates obtained the necessary CITES or customs declarations to ship the turtles.

e. The investigation also gathered testimony from other witnesses, bank records for payments of turtles, and domestic and international shipping records to Kang Juntao. In total, Kang Juntao arranged for about 1,500 turtles to be smuggled from the United States valued at approximately $2,225,000 USD.

## IDENTIFICATION AND LOCATION INFORMATION

16. A photograph of Kang Juntao is identified in the affidavit of Special Agent Ryan Bessey, attached as Exhibit 7. Kang Juntao arrived at Kuala Lumpur International Airport on January 23, 2019, and was detained pursuant to a provisional arrest warrant.

17. I have attached to this statement the following documents:

Exhibit 1:     a copy of the indictment

Exhibit 2:     a copy of Rule 9, Federal Rules of Criminal Procedure.

Exhibit 3:     a copy of the arrest warrant.

Exhibit 4:   a copy of Title 18, United States Code, Sections 1956(a)(2)(A), 554, and 2.

Exhibit 5:   a copy of Title 16, United States Code, Sections 1538(c)(1) and 1540(b)(1).

Exhibit 6:   a copy of Title 18, United States Code, Section 3282.

Exhibit 7:   affidavit of Special Agent Ryan Bessey

## CONCLUSION

18.     This affidavit, including its exhibits, contains sufficient evidence to support the request of the United States of America that Kang Juntao be extradited from Malaysia to the District of New Jersey, United States of America, for prosecution on the above-cited offenses, and that he be detained pending the determination of his extradition, and any appeal thereof.

19.     This affidavit was sworn before a Magistrate Judge of the United States for the District of New Jersey, who is a person authorized to administer an oath for this purpose.

Dated:   February 13, 2019
         Camden, New Jersey
         United States of America

                                            Ryan C. Connors
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Environmental Crimes Section

Signed and subscribed before me
on this 13th day of February, 2019

The Hon. Joel Schneider
United States Magistrate Judge
District of New Jersey

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

UNITED STATES OF AMERICA

          v.

KANG JUNTAO,
a/k/a "Kan Jundao"

2019 FEB 13  A 11: 44

Crim. No. 19- 1 0 7  (OB5)

18 U.S.C. § 1956(a)(2)(A)

18 U.S.C. § 2

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH

### INDICTMENT

### COUNT ONE
(Laundering of Monetary Instruments)

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

1.  KANG JUNTAO is also known as Kan Jundao.

2.  At all times relevant to this Indictment, defendant KANG JUNTAO was a citizen

of the People's Republic of China ("China") residing in Hangzhou City, China.

### Applicable Law

3.  The United States, China, Malaysia, Hong Kong special administrative region

("Hong Kong"), and approximately 180 other countries are signatories to a multilateral treaty

called the Convention on International Trade in Endangered Species of Wild Fauna and Flora, 27

U.S.T. 1087, T.I.A.S. 8249 (commonly referred to as "CITES").

4.  The purpose of CITES is to monitor and regulate the trade of and to protect fauna

and flora from commercial activities that might diminish the capability of any species to survive

in the wild. CITES classifies wildlife, fish, and plants in three appendices (Appendix I, II, and III).

International trade in species listed in these Appendices is monitored and regulated by permits and

quotas. The permit restrictions apply to live and dead specimens, as well as the skins, parts, and

products made in whole or in part from a listed species. Wildlife and plant species listed in

permit requirements and provisions of CITES and listing the species contained on the CITES appendices. 50 C.F.R. Part 23.

7.     The eastern box turtle (*Terrapene carolina carolina*), the Florida box turtle (*Terrapene carolina bauri*), and the Gulf Coast box turtle (*Terrapene carolina major*) are subspecies of the common box turtle (*Terrapene carolina*) and have been listed in CITES Appendix II since 1995. The spotted turtle (*Clemmys guttata*) is a semi-aquatic turtle listed in CITES Appendix II as of 2013. The wood turtle (*Glyptemys insculpta*) has been protected under CITES Appendix II since 1992.

8.     In addition to the requirements of CITES and the ESA, federal law generally requires that all wildlife, including turtles, or parts thereof, be declared to the USFWS prior to their export from the United States. When exporting any wildlife, exporters or their agents must file with the USFWS a completed Declaration for Importation or Exportation of Fish, Wildlife, or Plants (Form 3-177). A USFWS or United States Customs Service officer must clear (or refuse) wildlife being exported from the United States, and the exporter or his agent must make available to the officer the wildlife being exported, as well as all required permits, licenses or other documents. 50 C.F.R. § 14.

9.     United States law prohibits the transfer of funds from outside the United States to the United States with the intent to promote a specified unlawful activity. 18 U.S.C. § 1956(a)(2). Smuggling Goods from the United States, 18 U.S.C. § 554, is a specified unlawful activity. 18 U.S.C. § 1956(c)(7). There is extraterritorial jurisdiction over this conduct by a non-United States citizen if the conduct occurs in part in the United States and the series of transactions involves funds exceeding $10,000. 18 U.S.C. § 1956(f).

3

13. Neither KANG JUNTAO nor his associates ever applied for or ever received the necessary CITES permits to export protected species. None of the turtle shipments were declared to USFWS or customs authorities. In total, KANG JUNTAO directed Person One and other shippers to smuggle approximately 1,500 turtles out of the United States to China, valued at approximately $2,250,000.

14. From on or around June 12, 2017, through on or around December 3, 2018, in Atlantic County, in the District of New Jersey and elsewhere, defendant KANG JUNTAO transported, transmitted, and transferred a monetary instrument and funds in excess of $10,000 to a place in the United States, specifically New Jersey, from and through a place outside the United States, specifically China, with the intent to promote the carrying on of specified unlawful activity, to wit Smuggling Goods from the United States (Title 18, United States Code, Section 554), and did aid and abet other persons in doing so; all in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

15. KANG JUNTAO sent Person One the following PayPal payments to promote turtle smuggling from New Jersey to China:

5

**CASE NUMBER:**

## United States District Court
## District of New Jersey

# UNITED STATES OF AMERICA

## v.

# KANG JUNTAO

## INDICTMENT FOR
18 U.S.C. §§ 1956(a)(2)(A), 2

**A True Bill,**

**Foreperson**

**JEAN WILLIAMS**
*DEPUTY ASSISTANT ATTORNEY GENERAL*
*WASHINGTON, D.C.*

RYAN C. CONNORS
*TRIAL ATTORNEY*
*(202) 335-0363*

USA-48AD 8
(Ed. 1/97)

# EXHIBIT 2

Rule 9. Arrest Warrant or Summons on an Indictment or Information

(a) ISSUANCE. The court must issue a warrant—or at the government's request, a summons—for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it. The court may issue more than one warrant or summons for the same defendant. If a defendant fails to appear in response to a summons, the court may, and upon request of an attorney for the government must, issue a warrant. The court must issue the arrest warrant to an officer authorized to execute it or the summons to a person authorized to serve it.

(b) FORM.

(1) *Warrant.* The warrant must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information.

(2) *Summons.* The summons must be in the same form as a warrant except that it must require the defendant to appear before the court at a stated time and place.

(c) EXECUTION OR SERVICE; RETURN; INITIAL APPEARANCE.

(1) *Execution or Service.*

(A) The warrant must be executed or the summons served as provided in Rule 4(c)(1), (2), and (3).

(B) The officer executing the warrant must proceed in accordance with Rule 5(a)(1).

(2) *Return.* A warrant or summons must be returned in accordance with Rule 4(c)(4).

(3) *Initial Appearance.* When an arrested or summoned defendant first appears before the court, the judge must proceed under Rule 5.

(d) Warrant by Telephone or Other Means. In accordance with Rule 4.1, a magistrate judge may issue an arrest warrant or summons based on information communicated by telephone or other reliable electronic means.

# EXHIBIT 3

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

United States of America

v.

KANG JUNTAO
a/k/a "Kan Jundao,"

*Defendant*

)
)
)
)
)
)

Case No. ~~18-1050 (AMD)~~

19 cr 107 (JBS)

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     KANG JUNTAO
,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☐ Complaint

☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

The defendant laundered money to promote the smuggling of turtles from the United States to China, in violation of 18
United States Code, Sections 1956(a)(2)(A) and 2.

Date:     02/13/2019

*Issuing officer's signature*

City and state:     Camden, New Jersey

Hon. Joel Schneider, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                    _____ <br> *Arresting officer's signature* |
|                    _____ <br> *Printed name and title* |

# EXHIBIT 4

## Relevant U.S. Law

### 18 United States Code § 1956(a)(2)(A) – Laundering of monetary instruments

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States — with the intent to promote the carrying on of specified unlawful activity.

Anyone found guilty of this offense shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment of not more than 20 years, or both.

The term "monetary instruments" means (i) coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders, or (ii) investment securities or negotiable instruments, in bearer form or otherwise in such form that title thereto passes upon delivery. 18 United States Code §1956(c)(5).

The term "specified unlawful activity" includes Smuggling goods from the United States. 18 United States Code § 1956(c)(7).

There is extraterritorial jurisdiction over the conduct prohibited by this section if —
(1) the conduct is by a United States citizen or, in the case of a non-United States citizen, the conduct occurs in part in the United States; and
(2) the transaction or series of related transactions involves funds or monetary instruments of a value exceeding $10,000. 18 United States Code § 1956(f).

Smuggling goods from the United States means:

Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States. 18 United States Code § 554.

Title 18, U.S. Code, Section 2 – Principals

  (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
  (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

# EXHIBIT 5

## The Endangered Species Act

**Title 16, U.S. Code, Section 1538 – Prohibited Acts**

(a) Generally

    (1) . . . With respect to any endangered species of fish or wildlife listed pursuant to 16 USC § 1533 of this title it is unlawful for any person subject to the jurisdiction of the United States to —

    (A) import any such species into, or export any such species from the United States;
    * * *

    (D) possess, sell, deliver, carry, transport, or ship, by any means whatsoever, any such species taken in violation of subparagraphs (B) and (C);

    (E) deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, any such species;

    (F) sell or offer for sale in interstate or foreign commerce any such species.

* * *

(c) Violation of Convention

    (1) It is a unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of the Convention [CITES], or to possess any specimens traded contrary to the provisions of the Convention, including the definitions of the terms of article I thereof.

**Title 16, U.S. Code, Section 1540(b)(1) – Penalties and Sanctions**

    Any person who knowingly violates any provision of this chapter, of any permit or certificate issued hereunder, or of any regulation issued in order to implement ... of this title shall, upon conviction, be fined not more than $100,000 or imprisoned for not more than one year, or both.

**Title 16, U.S. Code, Section 1532 – Endangered Species Act Definitions**

(6) For the purposes of this chapter the term "endangered species" means any species which is in danger of extinction throughout all or a significant portion of its range.

\*\*\*

(8) For the purposes of this chapter the term "fish or wildlife" means any member of the animal kingdom, including without limitation any mammal, fish, bird, amphibian, reptile, mollusk, crustacean, arthropod or other invertebrate, and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof.

(9) The term "foreign commerce" includes, among other things, any transaction—

(A) between persons within one foreign country;

(B) between persons in two or more foreign countries;

(C) between a person within the United States and a person in a foreign country;

(D) between persons within the United States, where the fish and wildlife in question are moving in any country or countries outside the United States.

# EXHIBIT 6

**18 U.S. Code, Section 3282 – Offenses not capital**

(a) In General. —
Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

# EXHIBIT 7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Number: |
| | ) | |
| Plaintiff, | ) | AFFIDAVIT IN SUPPORT |
| v. | ) | OF REQUEST |
| | ) | FOR EXTRADITION |
| KANG JUNTAO, | ) | |
| also known as Kan Jundao, | ) | |
| | ) | |
| Defendant. | ) | |

I, Ryan Bessey, being duly sworn, depose and state:

1.      I am a citizen of the United States of America and a resident of the State of New Jersey.

2.      I am a Special Agent with the U.S. Fish and Wildlife Service ("USFWS"), Office of Law Enforcement, Department of the Interior. I have been a Special Agent of USFWS since July 2010; prior to becoming a Special Agent, I worked as a uniformed Wildlife Inspector with USFWS for four years, covering John F. Kennedy International Airport in New York. I hold a dual bachelor's degree from Mercyhurst University in Criminal Justice and Sociology with a concentration in law enforcement.

3.      I investigate violations of federal wildlife laws. I have conducted, and assisted with, investigations into the activities of domestic and foreign persons responsible for such crimes as smuggling and wildlife trafficking. I have received training and led investigations into violations of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (commonly referred to as "CITES"), which is codified in the United States in the Endangered Species Act.

4.      In the course of my duties, I have conducted an investigation of Kang Juntao, also known as Kan Jundao, who is indicted in the case of United States v. Kang Juntao, case number 19-107(JBS) pending before the U.S. District Court in the District of New Jersey.

5.      On February 13, 2019, a federal grand jury sitting in Camden, New Jersey, which is in the District of New Jersey, returned an indictment charging Kang Juntao with violating the criminal laws of the United States. The indictment charged Kang Juntao with one count of Laundering of Monetary Instruments, in violation of 18 United States Code, Section 1956(a)(2)(A), and aiding and abetting the Laundering of Monetary Instruments, in violation of Title 18, United States Code, Section 2.

1

6.    On February 13, 2019, an arrest warrant was issued for Kang Juntao to appear in court based upon the indictment. The warrant remains outstanding.

7.    I submit this sworn affidavit pursuant to Article 1 of the Extradition Treaty between the governments of the United States and Malaysia in support of a request by the United States for the extradition of Kang Juntao to face charges in the aforementioned criminal case.

## CASE EVIDENCE

8.    Since approximately 2014, the USFWS has been investigating the trafficking of protected turtles native to the United States in domestic and foreign commerce. The investigation has revealed poachers who illegally collect the turtles from the wild, shippers who illegally package and mail the turtles throughout the United States and abroad, and foreign nationals who purchase the turtles. The investigation has identified Kang Juntao as a leader in a turtle trafficking ring where he pays the poachers and shippers to ultimately receive the turtles in Hong Kong and China. The turtles are then resold as part of the black market pet trade.

9.    As part of this investigation, I have reviewed the evidence supporting the charges against Kang Juntao, which includes, but is not limited to: electronic mail messages, text messages, recorded phone calls, financial records, witness statements and testimony, Kang Juntao's statements, and observations of packages containing turtles being illegally shipped from the United States.

10.    The evidence shows that, from his residence in China, Kang Juntao recruited and communicated with turtle poachers in the United States via social media platforms and reptile sale websites. He would negotiate the price and quantity of turtles he was looking to purchase. He would either pay the turtle suppliers directly or through middlemen located in the United States. He sought to purchase numerous species of protected turtles, including the eastern box turtle, Florida box turtle, Gulf Coast box turtle, wood turtle, and spotted turtle. He prized purchasing adult female turtles.

11.    The purpose of the CITES treaty is to monitor the trade of and to protect fauna and flora from commercial activities that might diminish the capability of any species to survive in the wild. CITES classifies wildlife and plants in a three appendices (Appendix I, II, and III), which give specific trade protection to fauna and flora. International trade in species listed in these Appendices is monitored and regulated by permits and quotas. The permit restrictions apply to live and dead specimens, as well as the skins, parts, and products made in whole or in part from a listed species. Wildlife and plant species listed in Appendix I of CITES are those currently threatened with extinction and that are or may be further threatened by trade. Under Appendix I of CITES, a species may be exported from a country only if, prior to exportation, the exporter applies for and obtains a valid foreign import permit issued by the country of import and a valid export permit issued by the country of export. Wildlife and plant species listed in Appendix II of CITES includes species that are not presently threatened with extinction but may become so if their trade is not regulated. Under Appendix II of CITES, a species may be exported from a country only if, prior to exportation, the exporter applies for and obtains a valid CITES export permit issued by the country of export.

2

12.     The eastern box turtle (*Terrapene carolina carolina*), Florida box turtle (*Terrapene carolina bauri*), and Gulf Coast box turtle (*Terrapene carolina major*) are subspecies of the common box turtle (*Terrapene carolina*) and have been listed in CITES Appendix II since 1995. Turtles such as these with colorful markings are particularly prized in the domestic and foreign pet trade. Eastern box turtles are worth on average $2,000 USD each in the Asian market, Florida box turtles are valued at approximately $2,500 USD, and Gulf Coast box turtles are valued at approximately $1,000 USD. Female turtles with rare markings have been sold for more than $20,000 USD.

13.     The spotted turtle (*Clemmys guttata*) is a semi-aquatic turtle listed in CITES Appendix II as of 2013. Wood turtles (*Glyptemys insculpta*) have been protected under CITES Appendix II since 1992. Turtles with intense and unique spot patterns are sought after in the domestic and foreign pet trade. A spotted turtle is valued, on average, at $650 USD in the Hong Kong pet trade market. Wood turtles are valued at approximately $2,000 USD each.

14.     Kang Juntao would typically arrange for the turtle suppliers to ship the animals to middlemen located throughout the United States. These contacts were frequently Chinese citizens who entered the country on student visas. Kang Juntao recruited and trained these individuals to repackage the turtles and ship them to associates in Hong Kong. He instructed them how to bind the turtles in socks and with duct tape so their movement would not alert customs inspectors. Kang Juntao and his associates would not file the required U.S. or Hong Kong customs declarations, including CITES certificates. This investigation revealed that Kang Juntao recruited and trained at least six middlemen who operated in five different states within the United States.

15.     Acting in an undercover capacity, I was able to pose as a turtle shipper. Kang Juntao instructed me to purchase and receive protected turtles on his behalf. At his direction, I shipped turtles to addresses he provided in Hong Kong. Kang Juntao paid me and sent me money to pay the turtle suppliers. Kang Juntao informed me that he was aware that shipping the turtles internationally was illegal and instructed me how to package the turtles to minimize the risk of detection by authorities. Per Kang Juntao's instructions, none of the packages were accurately labeled as containing turtles and did not have any CITES permits.

16.     For example, from July 25 through August 16, 2017, I had a series of phone and text conversations with Kang Juntao. He had arranged to purchase 25 spotted turtles from a supplier in North Carolina. He made partial payment to the supplier directly and sent me $4,000 USD to send to the supplier to complete payment. Kang Juntao also paid me $2,500 USD to receive the turtles from the supplier, repackage them, and ship them to his associates in Hong Kong. Kang Juntao acknowledged receiving the packages and paid me an additional $1,000 USD as a bonus payment.

From September 6 through 28, 2017, I had a series of phone and text conversations with Kang Juntao. He arranged to purchase 35 female and 15 male eastern box turtles from a supplier in North Carolina. He made a partial payment of $2,000 USD to the supplier directly and sent me

$3,000 USD to send to the supplier to complete payment. Kang Juntao also paid me $4,000 USD to receive the turtles from the supplier, repackage them, and ship them to his associates in Hong Kong. Kang Juntao acknowledge receiving the packages and paid me an additional $1,000 USD as a bonus payment.

17. Kang Juntao made a series of similar turtle purchases from the North Carolina supplier, as well as other suppliers, and directed me to ship them to Hong Kong for him from June 2017 through December 2018.

18. I maintained an account with PayPal for all financial transactions with Kang Juntao. PayPal is a digital monetary transform platform headquartered in San Jose, California. I opened a BB&T bank business checking account in New Jersey that is linked to the PayPal account to maintain the funds used in this investigation. BB&T bank's headquarters are located in Winston-Salem, North Carolina.

19. Between on or about June 12, 2017, and December 3, 2018, Kang Juntao sent me 40 payments amounting to approximately $78,362 through PayPal. These funds were for the purchase and shipping of turtles at Kang Juntao's direction. Thirty-eight of the payments sent by Kang Juntao correspond to an address in China, while two transactions did not provide an address. Twenty-nine of the payments are associated with China Union Pay Bank, a financial institution in China, or Chinese credit card accounts. Specifically, Kang Juntao sent me the following payments to promote turtle smuggling from New Jersey to China:

| Date | Value | Date | Value |
|------|-------|------|-------|
| June 12, 2017 | $1,000 | Feb. 16, 2018 | $2,500, $4,000, & $250 |
| June 17, 2017 | $800 | March 8, 2018 | $1,400 |
| June 24, 2017 | $3,432 | April 17, 2018 | $1,800 |
| July 7, 2017 | $472 | April 26, 2018 | $600 |
| July 9, 2017 | $4,000 | April 27, 2018 | $1,000 |
| July 21, 2017 | $1,248 | May 6, 2018 | $412 & $618 |
| July 25, 2017 | $3,500 & $3,000 | June 1, 2018 | $2,060 |
| August 16, 2017 | $1,000 | June 6, 2018 | $2,266 |
| August 18, 2017 | $4,160 | July 13, 2018 | $2,472 |
| August 28, 2017 | $4,160 | August 16, 2018 | $4,326 |
| Sept. 7, 2017 | $4,000 & $3,000 | August 24, 2018 | $1,236 |
| Sept. 26, 2017 | $1,000 | Sept. 11, 2018 | $2,000 & $1,500 |
| October 17, 2017 | $1,000 & $200 | October 12, 1018 | $2,000 & $500 |
| November 8, 2017 | $2,450 | October 26, 2018 | $2,400 |
| November 16, 2017 | $2,000 | Dec. 3, 2018 | $600 |
| December 8, 2017 | $2,000 | | |
| January 18, 2018 | $2,000 | **Total** | $78,362 |

20. Turtles are cold-blooded animals, so it is more difficult for them to survive being shipped during the winter. Wild turtles are also typically not available during the winter. Kang

4

Juntao has indicated that he intends to continue trafficking protected turtles from the United States when the weather warms and they become available.

21.     During the entire investigation, Kang Juntao arranged for at least 1,500 turtles to be smuggled out of the United States valued at $2,225,000 USD.

22.     Royal Malaysia Police arrested Kang Juntao on January 23, 2019, at Kuala Lumpur International Airport. American agents advised Kang Juntao of his legal rights, and he agreed to speak with them. In sum and substance, he made the following admissions:

      a.     Since February 2017, Kang Juntao has purchased turtles in the United States, arranged for their shipment to Hong Kong, and sent money from China to the United States as payment.

      b.     Kang Juntao uses multiple PayPal accounts to send money to the United States to pay for the turtles and their shipment to Hong Kong.

      c.     Kang Juntao knows that it is illegal to buy and transport turtles in this manner. He is aware that box turtles are protected by the CITES treaty.

      d.     Kang Juntao works with an associate in Hong Kong who pays him for the turtles and directs him where to ship them. This person then re-sells the turtles in the black market pet trade in Hong Kong, China, and Japan.

      e.     Kang Juntao has purchased turtles and paid for shipping from at least six people across the United States and Mexico. He instructed shippers to conceal the turtles in socks and mislabel the packages to avoid detection by customs authorities.

      f.     Kang Juntao has purchased vipers from Canada and attempted to purchase them from Africa.

      g.     Kang Juntao has earned approximately $100,000 USD from trafficking turtles from the United States.

      h.     Colorful box turtles can be valued at $20,000 USD each in the Hong Kong black market pet trade.

## IDENTIFICATION

23.     Following his arrest, Kang Juntao acknowledged that he was indeed Kang Juntao and bore a passport with corresponding information. I have reviewed various identification and immigration documents associated with Kang Juntao. He is a native citizen of the People's Republic of China, born on May 8, 1996. He resides in Hangzhou City, China. His Chinese passport number is E02166237. A photograph is attached as Exhibit A.

## CONCLUSION

24.     This affidavit, including its exhibits, contains sufficient evidence to support the request of the United States of America that Kang Juntao be extradited from Malaysia to the District of New Jersey, United States of America, for prosecution on the above-cited offenses, and that he be detained pending the determination of his extradition, and any appeal thereof.

25.     This affidavit was sworn before a Magistrate Judge of the United States for the District of New Jersey, who is a person authorized to administer an oath for this purpose.

Dated:   February 13, 2019
         Camden, New Jersey
         United States of America

Ryan Bessey
Special Agent
U.S. Fish and Wildlife Service

Signed and subscribed to before me on
this 13th day of February, 2019.

The Hon. Joel Schneider
U.S. Magistrate Judge
District of New Jersey
United States of America

6

# EXHIBIT A

