

**U.S. Department of Justice**
**Environment and Natural Resources Division**

*Ryan Connors & Lauren Steele*               *150 M Street, NE*                    *(202) 305-0363*
*Trial Attorneys*                            *Washington, DC 20002*

April 23, 2021

Linda Foster, Esq.
Office of the Federal Defender
1002 Broad Street
Newark, New Jersey 07102

Re: <u>Plea Agreement with Kang Juntao</u>

Dear Ms. Foster:

This letter sets forth the plea agreement between your client, Kang Juntao, and the U.S. Department of Justice, Environment and Natural Resources Division ("this Office"). This Office's offer to enter into this plea agreement will expire on May 7, 2021, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Kang Juntao to the sole count of Indictment No. 19-107, that charges him with Laundering of Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1956(a)(2)(A)to which Kang Juntao agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $500,000; and (2) twice the gross amount of any pecuniary gain that any persons derived from the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Kang Juntao is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration

of the United States Sentencing Guidelines. The United States Sentencing
Guidelines are advisory, not mandatory. The sentencing judge may impose any
reasonable sentence up to and including the statutory maximum term of
imprisonment and the maximum statutory fine. This Office cannot and does
not make any representation or promise as to what guideline range may be
found by the sentencing judge, or as to what sentence Kang Juntao ultimately
will receive.

Further, in addition to imposing any other penalty on Kang
Juntao, the sentencing judge: (1) will order Kang Juntao to pay an assessment
of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the
date of sentencing; (2) must order forfeiture pursuant to 18 U.S.C. §
981(a)(1)(C) and 28 U.S.C. § 2461; and (3) pursuant to 18 U.S.C. § 3583(b) may
require Kang Juntao to serve a term of supervised release of not more than five
years, which term will begin at the expiration of any term of imprisonment
imposed. Should Kang Juntao be placed on a term of supervised release and
subsequently violate any of the conditions of supervised release before the
expiration of its term, Kang Juntao may be sentenced to not more than two
years' imprisonment, which term is in addition to any prison term previously
imposed regardless of the statutory maximum term of imprisonment set forth
above and without credit for time previously served on post-release
supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office
reserves its right to take any position with respect to the appropriate sentence
to be imposed on Kang Juntao by the sentencing judge, to correct any
misstatements relating to the sentencing proceedings, and to provide the
sentencing judge and the United States Probation Office all law and
information relevant to sentencing, favorable or otherwise. In addition, this
Office may inform the sentencing judge and the United States Probation Office
of: (1) this agreement; and (2) the full nature and extent of Kang Juntao's
activities and relevant conduct with respect to this case.

Stipulations

This Office and Kang Juntao agree to stipulate at sentencing to the
statements set forth in the attached Schedule A, which hereby is made a part
of this plea agreement. This agreement to stipulate, however, cannot and does
not bind the sentencing judge, who may make independent factual findings
and may reject any or all of the stipulations entered into by the parties. To the
extent that the parties do not stipulate to a particular fact or legal conclusion,
each reserves the right to argue the existence of and the effect of any such fact

or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Kang Juntao from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Kang Juntao waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Kang Juntao understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Kang Juntao understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kang Juntao wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Kang Juntao understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Kang Juntao waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the Department of Justice's Environment and Natural Resources Division and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kang Juntao. This agreement does not prohibit the United States, any agency thereof (including Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Kang Juntao.

No provision of this agreement shall preclude Kang Juntao from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Kang Juntao received constitutionally ineffective assistance of counsel.

If the sentencing judge imposes a term of imprisonment, this Office agrees to recommend to the Court and the Federal Bureau of Prisons that any time Kang Juntao was detained since his January 23, 2019, arrest in Kuala Lumpur, Malaysia, should be included in calculating Kang Juntao's release date.

Kang Juntao agrees to pay a fine of $10,000. Kang Juntao agrees to hold $10,000 in a U.S. bank prior to sentencing or obtain a cashier's check for that amount. Any imposition of a fine will be determined by the sentencing judge.

This agreement constitutes the plea agreement between Kang Juntao and this Office and supersedes any previous agreements between them.

Very truly yours,

Jean E. Williams
Acting Assistant Attorney General


/s/ Ryan Connors   5/13/21
By: Ryan Connors
Trial Attorney


/s/ Lauren Steele   5/13/21
By: Lauren Steele
Trial Attorney

I have received this letter from my attorney, Linda Foster, Esq., and I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

s/ Kang Juntao
_____                    Date:  4/28/21
Kang Juntao

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date:  4/28/21
Linda Foster, Esq.

- 6 -

<u>Plea Agreement with Kang Juntao</u>

<u>Schedule A</u>

1. This Office and Kang Juntao recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Kang Juntao nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Kang Juntao within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Kang Juntao further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline is U.S.S.G. § 2S1.1 because the substantive offense is Laundering of Monetary Instruments in violation of Title 18, United States Code, Section 1956(a)(2)(A).

4. Under U.S.S.G. § 2S1.1(a)(2), the base offense level is 8.

5. The value of the laundered funds is greater than $150,000 and less than $250,000. This results in an increase in the guidelines by 10 levels. U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1).

6. Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(2)(B) applies because the conviction is under Title 18, United States Code, Section 1956. This results in an increase of 2 levels.

7. Aggravating Role U.S.S.G. § 3B1.1(b) applies as the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants. This results in an increase of 3 levels.

8. As of the date of this letter, Kang Juntao has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kang Juntao's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. Kang Juntao has notified authorities in a timely fashion of his intention to enter a guilty plea, thereby permitting the government to avoid

- 7 -

preparing for trial. The total guideline level is also greater than 16. Therefore, a downward adjustment of 1 level is appropriate. *See* U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kang Juntao is 20 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

12. Kang Juntao knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.